Renea I. Saade, Alaska Bar No. 0911060
rsaade@littler.com
LITTLER MENDELSON
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

Attorneys for Petitioner First Student, Inc.

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **FIRST STUDENT, INC.,**<br><br>      Petitioner,<br><br>v.<br><br>**TEAMSTERS, LOCAL 959,**<br>      Respondents. | Case No.<br><br>**Labor Management Relations Act,<br>29 U.S.C. § 185** |

## PETITION TO VACATE AWARD

Petitioner, First Student, Inc., ("First Student"), by and through counsel sets forth the following petition to vacate an arbitration award issued in favor of Teamsters, Local 959 on behalf of John Kuklis:

## JURISDICTION AND VENUE

1. This Court has jurisdiction of the subject matter of this lawsuit pursuant to Section 301 of the Labor Management Relations Act (29 U.S.C. § 185 (a)) and Section 10 of the Federal Arbitration Act (9 USC §10).

2. This Court has jurisdiction over defendant, a labor organization which maintains an office in this judicial district and its duly authorized officers or agents are engaged in representing or acting for employee members in this judicial district under 29 U.S.C. § 185(c).

3. This Court has jurisdiction pursuant to 28 U.S.C. §1332 given the diversity of the parties.

4. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1) because the Respondent resides in this judicial district and the State of Alaska.

5. Venue is also proper in this judicial district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this claim occurred in this judicial district.

6. Venue further lies appropriately with this Court pursuant to Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

## PARTIES

7. First Student is a corporation incorporated in Delaware with its principal place of business in Cincinnati, Ohio. First Student is a subsidiary of FirstGroup America.

8. Teamsters, Local 959 (the "Union") is a labor organization as defined in the Labor Management Relations Act, 29 U.S.C. § 152(5), because it is an organization in which employees participate and which exists for the purpose of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work. The Union is the Alaska affiliate of the International Brotherhood of Teamsters.

## FACTS COMMON TO ALL ALLEGATIONS

### The Parties' Relationship

9. FirstGroup America provides transportation services to government entities, school districts, and other customers throughout the United States.

LITTLER MENDELSON
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

10. During the relevant time period, the Kenai Peninsula School District in Kenai, Alaska (the "School District") contracted with First Student to run the Kenai school bus routes for students in kindergarten through twelfth grade.

11. The School District and First Student had a contract which governed the services First Student provided the School District (the "Revenue Contract"). The Union is not a third-party beneficiary to the Revenue Contract.

12. The Revenue Contract gives the School District discretion to permanently refuse to allow any First Student bus operator to drive any bus routes for the School District; commonly called "district removal from service" in this industry.

13. First Student and the Union are parties to, and bound by, a Collective Bargaining Agreement that was in effect from August 1, 2015 through July 31, 2018 ("CBA"). The CBA is a contract between an employer and a labor organization representing employees in an industry affecting commerce as defined under Section 301(a) of the LMRA, 29 U.S.C. § 185(a). A true and correct copy of the CBA is attached hereto as **Exhibit 1** and incorporated by reference as if fully set forth herein.

14. First Student also has a National Agreement with the International Brotherhood of Teamsters that is in effect from April 1, 2015 through March 31, 2020 ("National Agreement"). The National Agreement is a contract between an employer and a labor organization representing employees in an industry affecting commerce as defined under Section 301(a) of the LMRA, 29 U.S.C. § 185(a). A true and correct copy of the National Agreement is attached hereto as **Exhibit 2** and incorporated by reference as if fully set forth herein.

**Grievance and Arbitration**

15. On March 24, 2017, the School District notified First Student that one of First Student's bus drivers and a member of the Union, John Kuklis, went to a school that he did not

**LITTLER MENDELSON**
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

service and engaged in a conversation regarding a minor that was not on his bus route with an individual that does not have any legal guardianship or parental rights over the minor.

16. As a result of the incident, the School District notified First Student that it had no interest in allowing Mr. Kuklis to continue to drive for the district or have any contact with any minors that attended the School District.

17. On March 24, 2017, the School District's transportation manager sent an email to First Student reiterating the request to remove Mr. Kuklis from service. A true and accurate copy of the email is attached hereto as **Exhibit 3**.

18. On March 24, 2017, the First Student removed the grievant from service per the request of the School District.

19. First Student allowed Mr. Kuklis to remain on the payroll and he remained eligible to perform any work that was available at the location if he was qualified for the work and it was non-School District work.

20. However, First Student did not have any additional work available for Mr. Kuklis.

21. Mr. Kuklis continued to come in and attend safety meetings.

22. On April 12, 2017, the Union filed a grievance alleging that First Student violated the National Master Agreement between First Student and the International Brotherhood of Teamsters by failing to "make every effort" to provide work to Mr. Kuklis.

23. First Student made a good faith effort to address the grievance and provided the union additional information concerning various work assignments the Union inquired about.

24. The Union responded on May 15, 2017, that it was elevating the grievance to Step 2 of the grievance procedure.

25 On May 8, 2017, Mr. Kuklis was terminated from employment with Fist Student for an incident involving another employee.

LITTLER MENDELSON
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

26. In 2017, the School District awarded the revenue contract for its services to Apple School Bus.

27. On June 30, 2017, the First Student Kenai location closed permanently.

28. On June 27, 2017, the Union requested that the National Grievance Committee hear the grievance regarding Mr. Kuklis's removal.

29. The Union presented its argument to the grievance committee.

30. On November 7, 2017, the Joint National Grievance Review Committee remanded the grievance back to the Union and First Student to resolve through the local dispute resolution procedures.

31. In January 2018, the Union requested that the termination of the grievant and the customer removal issues be heard by two different arbitrators. The parties agreed that Arbitrator Elizabeth Ford would only decide the customer removal issue and any remedy attached to that removal.

32. On June 20, 2018, the parties held arbitration before Arbitrator Ford.

**Award**

33. Arbitrator Ford issued a decision and award dated September 26, 2018 and delivered the signed copy to the parties via email on September 27, 2018 (the "Award"). A true and accurate copy of the Award is attached hereto as **Exhibit 4**.

34. In the Award, Arbitrator Ford concluded that National Agreement applied to the matter and that First Student failed to meet its obligation to put Mr. Kuklis back to work after his removal from School District related work.

35. Specifically, the Award relied upon the following language in the National Agreement that First Student:

LITTLER MENDELSON
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

> *will* make *every effort* to place the employee within the Bargaining Unit serviced by the Local Union *or* at another of the Company's locations for which the driver is qualified either of which should be in the geographic area of the Local Union *or* in another *mutually agreeable location*.

(National Master Agreement, Article 11, page 6) (emphasis added).

36. The CBA, however, provides that:

> Those employees that are removed by the [School District] *may* be utilized for other work outside of the revenue agreement or any work under the revenue contract *to the extent allowed by* the School District's restrictions, *if there is work available and the employee is qualified for such work*.

(CBA Article 14 b.1., page 9) (emphasis added).

37. The language of the CBA, not the National Agreement, should have been applied by the Arbitrator.

38. The parties never agreed that the terms of the National Agreement applied to Mr. Kuklis' removal and moreover, no evidence was presented at the hearing to indicate that the parties had an agreement as to what the phrase "every effort" found in the National Agreement meant.

39. First Student complied with the language of the CBA after Mr. Kuklis' removal. He remained on the payroll, was allowed to attend paid meetings, and remained eligible for non-School District work.

40. The only reason Mr. Kuklis did not work any other substantially similar work between his removal and his termination is because there was no such work available for which he was qualified.

41. Yet, the Arbitrator's Award declared that if First Student had any bus driver position open in *all of Alaska or the lower 48* that Mr. Kuklis could have worked between the date of his removal (March 24, 2017) and his termination (May 8, 2017), Mr. Kuklis was entitled to all wages and benefits he would have earned had he worked in that position.

LITTLER MENDELSON
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

42. "All of Alaska or the lower 48" are not within the same geographic location as Kenai, Alaska.

43. "All of Alaska" and the "lower 48" are also not within the same geographic location serviced by the Union.

44. First Student and the Union never mutually agreed to place Mr. Kuklis either on a temporary or permanent basis outside of Kenai, Alaska.

## FIRST CAUSE OF ACTION – ORDER VACATING THE AWARD

45. First Student re-alleges paragraphs 1 – 44 as though fully restated here.

46. Petitioner is entitled to this Court's order vacating the Award because it was issued after the deadline set by the parties' CBA.

47. Under the CBA, the Award was required to be issued within 30 days of either the close of the hearing or submission of the parties' briefs. *See* Ex. 1 (CBA) at Section 14.3 (Step 3 – Arbitration).

48. The hearing closed on July 20, 2018 and the parties submitted their briefs on or about July 31, 2018.

49. The Award was issued on September 26, 2018 and as such, was issued after the Arbitrator's jurisdiction in this matter ended.

50. Petitioner is also entitled to this Court's order vacating the Award because the Award does not draw its essence from the CBA and the Arbitrator exceeded her jurisdiction in applying the National Agreement to the parties' dispute and awarding damages that went beyond her authority.

51. This matter was arbitrated pursuant to the parties' local dispute resolution process.

52. Under Section 14.3 – "Step 3 Arbitration" of the CBA, the authority of the arbitrator is limited to determining questions directly involving the interpretation or application of the specific provisions of the CBA and no other matter shall be subject to arbitration thereunder.

53. Section 14.3 – "Step 3 Arbitration" of the CBA also confirms that the Arbitrator

LITTLER MENDELSON
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

shall have no authority to add to, subtract from or to change any of the terms of the CBA, to change an existing wage rate, or to establish a new wage rate, or award any wages or benefits other than actual wages, or benefits lost, unless said wages or benefits are specifically provided in this Agreement. The section further provides that the Arbitrator shall have no authority to base any decision on any practice or custom which is inconsistent with any provision of the CBA.

54. The Arbitrator exceeded her jurisdiction by deciding that the National Agreement applied and thereafter, issuing the Award relying upon the same.

55. The Arbitrator lacked the authority to arbitrate the parties' dispute under the terms of the National Agreement.

56. The Award is irrational and disregarded the unambiguous, plain language of the CBA that, among other things, only imposed a discretionary duty upon First Student to put Mr. Kuklis to work after his removal.

57. The Award is irrational and disregarded the unambiguous, plain language of the CBA that, among other things, allowed First Student to remove Mr. Kuklis and decline to create "extra work" for him and/or offer him work outside the seniority or bidding processes provided by the CBA.

58. Under the CBA, the Arbitrator only had authority to award wages and benefits based upon other work within the same geographical region or other location mutually agreed upon by the parties. The parties did not mutually agree upon any other location. Thus, the Arbitrator exceeded the limits of her authority when she ordered that if Mr. Kuklis was qualified for *any* position open in *"all of Alaska or the lower 48 available during the period between Mr. Kuklis's removal and his discharge"*, he is entitled to all wages he would have earned in that position between his removal and his discharge.

59. The Award fails to draw its essence from the agreement because it, among other things: (1) conflicts with express terms of the agreement; (2) imposes additional requirements not expressly provided for in the agreement; (3) is not rationally supported by or derived from the agreement; and (4) is based on "general considerations of fairness and equity" instead of the exact

LITTLER MENDELSON
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

terms of the agreement.

60. Given that the Award is not based upon a plausible interpretation of the plain language of the CBA, the Award represents the Arbitrator's own brand of justice.

61. Based on the foregoing, First Student is entitled to an Order Vacating the Arbitrator's Opinion and Award.

## SECOND CAUSE OF ACTION – DECLARATORY RELIEF

62. First Student re-alleges paragraphs 1 – 61 as though fully restated here.

63. In the Award, the Arbitrator retains jurisdiction for a period of 90 days to "resolve any disputes that arise in the calculation of damages".

64. Since the issuance of the Award, the Union has requested the Arbitrator to extend her jurisdiction until 90 days from the date First Student provides the information ordered by the Award.

65. Although the Arbitrator declined this request on November 27, 2018, her email to the parties suggested that she would entertain another request from the Union to expand her jurisdiction.

66. A genuine dispute exists between the parties as to whether or not the Arbitrator's jurisdiction may be extended as stated in the Award as well as whether she can extend her jurisdiction even further.

67. The parties agreed that the Arbitrator would only decide the customer removal issue and any remedy attached to that removal.

68. The CBA provides that the Arbitrator's Award should be issued within 30 days of the close of the hearing or the submission of the parties' briefs. *See* Ex. 1 (CBA) at Section 14.3 (Step 3 – Arbitration).

69. The reasonable inference is, therefore, that the parties only agreed to give the Arbitrator jurisdiction for 30 days after the close of the hearing or the submission of briefs.

70. The arbitration was held on June 20, 2018.

71. The parties submitted their briefs on or about July 31, 2018.

LITTLER MENDELSON
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

72. Accordingly, the Arbitrator's jurisdiction has expired.

73. First Student is entitled to declaratory relief that confirms this fact and declares the Arbitrator unable to revive or expand her jurisdiction any further.

## REQUEST FOR RELIEF

Wherefore, First Student hereby requests that the Court enter judgment as follows:

1. That the Court order the Arbitrator's Opinion and Award be vacated;

2. That the Court issue judgment declaring that Arbitrator Ford's jurisdiction over the parties' dispute has terminated and cannot be extended as requested by the union;

3. That First Student be awarded its attorney fees, expenses, and costs; and

4. Any other relief that the Court deems just and proper.

Respectfully submitted,

Dated this 26th day of December, 2018.

LITTLER MENDELSON
Attorneys for First Student, Inc.

By: */s/ Renea I. Saade*
Renea I. Saade
Alaska Bar 0911060

FIRMWIDE:161429548.1 063010.1151

**LITTLER MENDELSON**
500 L Street, Suite 201
Anchorage, Alaska 99501
Tel: 907.561.1214
Fax: 907.561.1215

Petition to Vacate Award
*Graciani v. Providence*; 3:18-cv-00087-SLG

Page 10 of 10

Case 3:18-cv-00305-SLG   Document 1   Filed 12/26/18   Page 10 of 10