# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

FIRST STUDENT, INC.,

                Petitioner,

     v.

INTERNATIONAL BROTHERHOOD
OF TEAMSTERS, LOCAL 959,

                Respondent.

Case No. 3:18-cv-00305-SLG

## ORDER RE MOTION TO VACATE ARBITRATION AWARD AND CROSS-MOTION TO DISMISS PETITION TO VACATE ARBITRATOR'S AWARD

Before the Court are Petitioner First Student, Inc.'s ("First Student") Motion to Vacate Arbitration Award at Docket 3 and Respondent International Brotherhood of Teamsters, Local 959's ("Teamsters") Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award at Docket 14. Both motions have been fully briefed.[1] Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

This action arises from an arbitrator's Decision and Award rendered on September 28, 2018. Arbitrator Elizabeth Ford presided over a dispute between

---

[1] Teamsters answered and moved to dismiss the Petition to Vacate at Docket 10. *See also* Docket 14 (Motion to Dismiss). First Student opposed Teamsters' Motion to Dismiss at Dockets 23 and 24. Teamsters replied to First Student's Response to the Motion to Dismiss at Docket 32.

Teamsters and First Student concerning First Student's treatment of bus driver John Kuklis after he was removed from his route at the request of the school district he served. Arbitrator Ford ruled for Teamsters on behalf of Mr. Kuklis.[2] On December 26, 2018, First Student filed this action to vacate the arbitration award.[3] On February 20, 2019, Teamsters moved to dismiss the petition to vacate and requested an order enforcing the arbitration award.[4]

## FACTS

First Student and Teamsters are parties to a collective bargaining agreement that governs the terms and conditions of employment for bus drivers servicing schools on the Kenai Peninsula.[5] The parties are bound by two labor agreements: (1) the National Master First Student Agreement ("National

---

[2] *See* Docket 10-9 at 15 (Arbitrator's Decision and Award).

[3] Docket 3.

[4] Docket 14. The Court's resolution of these motions was delayed by the parties' attempts to settle their dispute. Twice the parties sought (and were granted) a stay or extension of time to attempt to resolve the dispute on their own. Docket 34 (Joint Motion to Stay) and Docket 37 (Motion for Extension of Time to File Scheduling and Planning Conference Report). When those efforts failed, the parties requested a settlement conference with a judicial officer of the Court. Docket 39 at 6–7 (report of Rule 26(f) planning meeting). The Honorable H. Russel Holland presided over a settlement conference on September 6, 2019, however, the parties were unsuccessful in reaching an agreement. Docket 45 (order re minutes for settlement conference).

[5] *See* Docket 10-9 at 1.

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 2 of 32

Agreement")[6] and (2) the School Bus Drivers, Attendants, and Monitors Agreement ("Local Agreement")[7].

The National Agreement is the main agreement between the parties. It covers "operations in, between and over all of the states, territories and possessions of the United States."[8] By its own terms, the Local Agreement "is supplemental to the Teamsters-First Student National Master Agreement."[9] Pursuant to both agreements, employees are guaranteed the superior conditions offered in either agreement. The National Agreement states that "[i]t is the intent of the parties that generally negotiated terms and conditions of employment will be set forth in the National Agreement and that any locally negotiated conditions generally will be narrowly limited in scope to locally negotiated economic provisions and local terms and conditions of employment."[10] It adds that "any lesser conditions contained in any Supplement, Rider or Addendum hereto shall be superseded by the conditions contained in this National Agreement. However,

---

[6] Throughout the briefing, Teamsters refers to the National Agreement as the NMA and the Local Agreement as the LA while First Student refers to the National Agreement as such and the Local Agreement as the CBA. For clarity, the Court uses the same terms used by Arbitrator Ford in her Decision and Award.

[7] Docket 1 at 3 (Complaint/Motion to Vacate); *see also* Docket 10 at 3 (Answer/Motion to Dismiss).

[8] Docket 10-6 at 2 (National Agreement).

[9] Docket 10-5 at 3 (Local Agreement).

[10] Docket 10-6 at 3.

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 3 of 32

nothing in this National Agreement shall deprive any employee of any superior benefit or term contained in their Supplement, Rider or Addendum."[11] Similarly, the Local Agreement specifies that "any lesser conditions contained in this supplement shall be superseded by the conditions contained in the National Master Agreement" but adds that "nothing in the National Master Agreement shall deprive any employee of any superior benefit or term contained in this supplement."[12]

### I.   Employee Removal and Grievance Policies

Relevant to the parties' dispute here, both agreements contain provisions governing employee removal and grievances.  Specifically, both contemplate the situation at hand wherein a bus driver was removed from his route at the school district's request.

The National Agreement details the procedure for employee removal in Article 11:

> If the Company is required to remove a driver from a route at the School District's request, the Company agrees to discuss the matter with the School District as soon as practical to attempt to adjust or resolve the issue and will seek permission of the client to invite the Union to participate in such discussions. If the School District maintains its position on the removal of the driver, the Company will meet with the Union to discuss the status of the driver. The Union will be given a copy of the directive requiring the removal of the driver where appropriate. If the directive is not in writing, the Company will

---

[11] *Id.*

[12] Docket 10-5 at 3.

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 4 of 32

request the School District provide a written directive setting forth the reason for the removal. *The Company will make every effort to place the employee in substantially equivalent work within the bargaining unit serviced by this Local Union or at another of the company's locations for which the driver is qualified, either of which should be in the geographic area of the Local Union or in another mutually agreeable location.*"[13]

The Local Agreement also addresses employee removal at the request of a school district. Article 14, Section 14.01 lists "a notice to remove an employee from performing service in accordance with the District's revenue contract" as a serious infraction in which case the employee "may be utilized for other work outside of the revenue agreement or any work under the revenue contract to the extent allowed by the District's restrictions, if there is work available and the employee is qualified for such work."[14]

Both agreements also provide a process for grievances culminating in arbitration. In the National Agreement, Article 42 establishes a joint national grievance review committee ("JNGRC") made up of an equal number of representatives from each party to "consider and resolve disputes of national or regional significance" and to "review such disputes prior to the submission of the matter to the final authority for resolution (whether an arbitrator or a panel) set forth

---

[13] Docket 10-6 at 6 (emphasis added).

[14] Docket 10-5 at 11.

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 5 of 32

in the local agreement out of which the dispute arises or this National Agreement."[15]

The JNGRC functions "with the same authority as a neutral arbitrator or mediator" and has the authority "to issue final and binding decisions."[16]   The National Agreement provides that "[u]nresolved disputes arising from the National Agreement shall be submitted to final and binding arbitration upon written notice from either party."[17]   In the event of a deadlock wherein the "provisions of the National Master, FO or other company policies, are central to the dispute (Articles 1 through 49) such dispute shall be submitted to a mutually agreeable neutral arbitrator for final and binding resolution."[18]   Article 42 of the National Agreement adds that "[t]he dispute resolution machinery contained in local riders, addenda or supplements do not have authority to interpret the provisions of the National Master (Articles 1 through 49) without the consent of the Employer and the National Union Committee."[19]

The Local Agreement's grievance procedure is detailed in Article 14. Section 14.02 defines a grievance as "disputes or differences between the

---

[15] Docket 10-6 at 11.

[16] *Id.* at 12.

[17] *Id.*

[18] *Id.*

[19] *Id.*

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 6 of 32

Company and the Union . . . with respect to interpretation or application of any specific provision of this Agreement."[20]  In the event of a grievance, the Local Agreement provides a detailed procedure if informal resolution fails.[21]  The third and final step in the process is arbitration.  The "parties agree that the decision or award of the arbitrator shall be final and binding on each of the parties and that they will abide thereby, subject to such laws, rules, and regulations as may be applicable."[22]

Per the terms of the Local Agreement, the "arbitrator shall render a written decision and award within thirty (30) days from the close of the hearing or the submission of briefs."[23]  And the authority of the arbitrator "shall be limited to determining questions directly involving the interpretation of applications of the specific provisions of this Agreement, and no other matter shall be subject to arbitration there under [sic]."[24] The Local Agreement limits the arbitrator's powers, providing that she "shall have no authority to add to, subtract from or to change

---

[20] Docket 10-5 at 13.

[21] *See id.* at 13–14.

[22] *Id.*

[23] *Id.*

[24] *Id.*

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 7 of 32

Case 3:18-cv-00305-SLG   Document 46   Filed 09/26/19   Page 7 of 32

any of the terms of this Agreement . . . [or] to base any decision on any practice or custom which is inconsistent with any provision of this Agreement."[25]

## II.    The Proceedings Between the Parties

The parties' dispute arises from an arbitration decision and award rendered by Arbitrator Elizabeth Ford on September 26, 2018.[26]  The arbitration concerned First Student's treatment of its employee, John Kuklis.  In response to a complaint from a school district, First Student removed Mr. Kuklis from his bus route on March 24, 2017.[27]  He remained on the payroll for several weeks and attended safety meetings but did not perform any additional work.[28]  On May 8, 2017, Mr. Kuklis was terminated by First Student as a result of an incident involving another employee.[29]

As summarized in the Arbitrator's decision and award, Teamsters initiated a grievance on Mr. Kuklis's behalf, alleging a violation of the National Agreement.[30] Specifically, Teamsters alleged that "First Student, Inc. [h]as not made an effort to provide work to Mr. Kuklis as described under Article 11 of the National Master

---

[25] Docket 10-5 at 14.

[26] *See* Docket 1 at 5.

[27] *See* Docket 10-9 at 2.

[28] *See* Docket 1 at 4; Docket 10-9 at 7.

[29] *See id.*

[30] *See* Docket 10-9 at 2.

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 8 of 32

First Student Agreement" and grieved "under any other articles/sections that may apply of the collective bargaining agreement (CBA) between First Student, Inc. – Kenai, and the Teamsters Local 959 and any other articles/section that may apply of the First [S]tudent National Master Agreement."[31]

First Student denied the grievance. The parties met to try to resolve their dispute, but Teamsters ultimately submitted a request to the JNGRC "seeking review of this issue prior to arbitration."[32] On November 7, 2017, the JNGRC issued a decision concluding that "the dispute is hereby remanded to the parties for resolution under their local dispute resolution procedures. The parties may rely on the language of both their local agreements as well as the National Agreement."[33] The parties agreed to arbitration of the issue and a hearing was held before Arbitrator Elizabeth Ford on June 20, 2018.[34]

The arbitrator framed the issue as a question: "Did First Student violate the National Agreement and/or the Local Agreement in its response to the Kenai Peninsula Borough School District's March 24 requirement that Mr. Kuklis be removed from District service? If so, what is the appropriate remedy?"[35] The

---

[31] *Id.*

[32] *Id.* at 2–3.

[33] *Id.* at 3.

[34] *See id.*

[35] *Id.* at 4.

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 9 of 32

Case 3:18-cv-00305-SLG   Document 46   Filed 09/26/19   Page 9 of 32

parties submitted briefs on July 31, 2018, and a decision was rendered on September 26, 2018.[36]

In her decision and award, Arbitrator Ford concluded that both the Local Agreement and National Agreement applied to the dispute and that the Local Agreement "explicitly defers to the National Agreement in this case since the National Agreement contains benefits superior to the Local Agreement."[37] Over First Student's objection to her authority to interpret the National Agreement, Arbitrator Ford interpreted provisions of the National Agreement alongside the JNGRC's directive to conclude that she "ha[d] authority to interpret either agreement, or both."[38] Specifically, she explained that the National Agreement created the JNGRC "to consider issues of national or regional significance," and that it "presume[d] ultimate resolution by a national *or* local arbitrator."[39]

Having concluded that the National Agreement applied to the dispute, Arbitrator Ford relied on Article 11, which provides that "[t]he Company will make every effort to place the employee in substantially equivalent work within the bargaining unit serviced by this Local Union or at another of the company's locations for which the driver is qualified either of which should be the geographic

---

[36] *See id.* at 3, 15.

[37] *Id.* at 11.

[38] *Id.* at 11–12.

[39] *Id.* at 12 (emphasis in original).

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 10 of 32

area of the Local Union or in another mutually agreeable location."[40] She concluded that First Student "must make 'every' effort" and "must explore all options" available to Mr. Kuklis.[41] Arbitrator Ford explained that it was the "employer's obligation to make the effort," not the employee's, and that First Student must look to the area covered by the Local Agreement but also to any of the other company's locations (in Alaska), or any "mutually agreeable location" in the contiguous United States.[42] Arbitrator Ford credited evidence "that the Employer did not explore any options outside of the Kenai Peninsula" and that had it done so, "it would have discovered available driver positions" elsewhere.[43] She also found that Mr. Kuklis would be qualified for "another driving job."[44]

Arbitrator Ford concluded that First Student had "violated the collective bargaining agreement by failing to make every effort to locate and place the grievant in substantially equivalent work."[45] She ordered First Student to examine all positions available to Mr. Kuklis in Alaska and the lower 48 states during the

---

[40] *Id.* at 12–13.

[41] *Id.* at 13.

[42] *Id.*

[43] *Id.* at 13, 14.

[44] *Id.* at 14.

[45] *Id.* at 15.

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 11 of 32

Case 3:18-cv-00305-SLG   Document 46   Filed 09/26/19   Page 11 of 32

time between his removal and his discharge.[46]  If Mr. Kuklis would have been qualified for any such position (i.e., if there was a driver position available), then First Student was ordered to pay him damages equal to the wages he could have earned in that position for the time between his removal and his discharge.[47]  She ordered First Student to share its findings on such positions with Teamsters within thirty days.[48]

First Student did not comply with the order, and now petitions this Court to vacate the arbitrator's decision and award.[49]

## LEGAL STANDARD

### I. Jurisdiction

The Court has jurisdiction over the action pursuant to § 301 of the Labor Management Relations Act ("LMRA"),[50]  which provides federal district courts with original jurisdiction over any lawsuit "for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce." [51]

---

[46] *See id.*

[47] *See id.*

[48] *See id.*

[49] *See* Docket 1 and Docket 10-2 at 6.

[50] 29 U.S.C. § 185(a).

[51] The parties contend that the Court also has subject matter jurisdiction pursuant to Section 10 of the Federal Arbitration Act, 9 U.S.C. § 10.  *See* Docket 1 at 1 and Docket 10 at 1.  However, Section 10 of the FAA "does not create federal question jurisdiction

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 12 of 32

## II. Standard for Vacating Arbitration Award

The Court's scope of "review of an arbitration award is greatly limited" as "arbitration is an encouraged method of dispute resolution."[52]  "[C]ourts reviewing labor arbitration awards afford a 'nearly unparalleled degree of deference' to the arbitrator's decision."[53]  "This deference applies both to the arbitrator's interpretation of the parties' agreement and to [her] findings of fact."[54]

The United States Supreme Court has held that "a court should not reject an award on the ground that the arbitrator misread the contract."[55]  Accordingly, "even if [a court] were convinced that the arbitrator misread the contract or erred in interpreting it, such a conviction would not be a permissible ground for vacating

---

'even when the underlying arbitration involves a federal question.'" *Carter v. Health Net of California, Inc.*, 374 F.3d 830, 835 (9th Cir. 2004) (quoting *Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1111 (9th Cir. 2004)).  "Unlike the FAA or state arbitration statutes, the LMRA can be used as a basis for federal question jurisdiction over actions to compel arbitration, as well as petitions to confirm or vacate arbitration awards." *Carter*, 374 F.3d at 835.  The Court may also have diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The amount-in-controversy requirement for diversity jurisdiction is satisfied by the amount at stake in the dispute.  *See Theis Research, Inc. v. Brown & Bain*, 386 F.3d 1180, 1181 (9th Cir. 2004).  Here, neither party has provided an amount-in-controversy.

[52] *U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1172 (9th Cir. 2010).

[53] *Sw. Reg'l Council of Carpenters v. Drywall Dynamics, Inc.*, 823 F.3d 524, 530 (9th Cir. 2016) (quoting *Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173, Int'l Ass'n of Machinists & Aerospace Workers*, 886 F.2d 1200, 1204–05 (9th Cir. 1989) (en banc)).

[54] *Sw. Reg'l Council of Carpenters*, 823 F.3d at 530 (citing *Stead Motors of Walnut Creek*, 886 F.2d at 1207).

[55] *United Paperworkers Int'l Union, AFL–CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987).

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 13 of 32

Case 3:18-cv-00305-SLG   Document 46   Filed 09/26/19   Page 13 of 32

the award."[56]  The arbitrator's "interpretation of a contract must be sustained if it is

'plausible.'"[57]  And since "[t]he parties did not bargain for the facts to be found by

a court, but by an arbitrator chosen by them," "[i]mprovident, even silly, factfinding

. . . is hardly a sufficient basis for disregarding what the agent appointed by the

parties determined to be the historical facts."[58]

Notwithstanding this high degree of deference, "there are limited

circumstances in which the vacatur of a labor arbitration award is justified."[59]

Those circumstances include:

> (1) when the award does not draw its essence from the collective
> bargaining agreement and the arbitrator is dispensing [her] own
> brand of industrial justice; (2) where the arbitrator exceeds the
> boundaries of the issues submitted to [her]; (3) when the award is
> contrary to public policy; or (4) when the award is procured by
> fraud.[60]

An arbitration award "draws its essence from the agreement if the award is

derived from the agreement, viewed in light of the agreement's language and

---

[56] *Sw. Reg'l Council of Carpenters*, 823 F.3d at 530 (quoting *Va. Mason Hosp. v. Wash. State Nurses Ass'n*, 511 F.3d 908, 913–14 (9th Cir. 2007)).

[57] *Employers Ins. of Wausau v. National Union Fire. Ins. Co.*, 933 F.2d 1481, 1486 (9th Cir. 1991).

[58] *Sw. Reg'l Council of Carpenters*, 823 F.3d at 530 (quoting *United Paperworkers Int'l Union, AFL–CIO*, 484 U.S. at 39, 45) (alterations in *Sw. Reg'l Council of Carpenters*).

[59] *Sw. Reg'l Council of Carpenters*, 823 F.3d at 530.

[60] *Id.*

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 14 of 32

Case 3:18-cv-00305-SLG   Document 46   Filed 09/26/19   Page 14 of 32

context, as well as other indications of the parties' intentions."[61]  Vacating an award because it "fails to draw its essence" from the parties agreement requires a finding that "there is no basis in the record for the arbitrator's decision."[62]  Likewise, an arbitrator exceeds her powers when her decision is "completely irrational" or exhibits a "manifest disregard of law."[63]  To vacate an arbitration award on this basis, "[i]t must be clear from the record that the arbitrators recognized the applicable law and then ignored it."[64]

The Ninth Circuit has clarified that while the formulation of the exceptions to the rule of deference to arbitration awards has often varied, the "underlying rule has remained unchanged."[65]  Courts "overturn an arbitrator's award only when it is clear from the arbitral opinion or award that the arbitrator did not base [her] decision on an interpretation of the collective bargaining agreement or that [she] disregarded what the parties put before [her] and instead followed [her] own whims or biases."[66]

---

[61] *Lagstein v. Certain Underwriters at Lloyd's*, 607 F.3d 634, 642 (9th Cir. 2010).

[62] *Comedy Club, Inc. v. Improv West Assocs.*, 553 F.3d 1277, 1288 (9th Cir. 2009).

[63] *Kyocera Corp. v. Prudential-Bache T. Servs.*, 341 F.3d 987, 997 (9th Cir. 2003).

[64] *Mich. Mut. Ins. Co. v. Unigard Sec. Ins. Co.*, 44 F.3d 826, 832 (9th Cir. 1995).

[65] *Garvey v. Roberts*, 203 F.3d 580, 588 (9th Cir. 2000) (footnote omitted).

[66] *Id.*

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 15 of 32

## DISCUSSION

The Court considered whether any of the grounds advanced by First Student provides a basis for vacatur. The "burden of establishing grounds for vacating an arbitration award is on the party seeking it."[67] For the reasons described below, the Court finds First Student has not satisfied that burden and the Court will not vacate the arbitration award.

## I.     The Timing of the Arbitrator's Award is Not a Basis for Vacatur

First Student contends that the arbitrator's award is invalid because it was issued late.[68] First Student asserts that pursuant to the parties' agreement, the arbitrator was required to issue an award within 30 days of either the close of the hearing or submission of the parties' briefs.[69] According to First Student, because "the hearing in the underlying matter closed on July 20, 2018 and the parties[] submitted their briefs on or about July 31, 2018," the agreement required the arbitrator to issue an award on or before August 30.[70] However, a signed copy of the award was not sent to the parties until September 27, 2018.[71] Accordingly,

---

[67] *U.S. Life Ins. Co.*, 591 F.3d at 1173.

[68] *See* Docket 4 at 8; *see also* Docket 23 at 2–5.

[69] *See* Docket 4 at 8; Docket 23 at 2; Docket 1-1 at 15.

[70] Docket 23 at 2.

[71] *See* Docket 1-4 at 1.

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 16 of 32

First Student contends that "the Arbitrator's jurisdiction in this manner expired on August 30, 2018."[72]

The Ninth Circuit considered an analogous argument in *McKesson Corp. v. Local 150 IBT*.[73] In that case, an employer brought an action seeking to vacate an award directing the employer to reinstate an employee.[74] The employer argued that "the arbitrator's failure to render a decision within sixty days of submission of the grievance, as provided for in the collective bargaining agreement, rendered the award void."[75] The Ninth Circuit disagreed:

> In the absence of an express agreement to the contrary, procedural questions are submitted to the arbitrator, either explicitly or implicitly, along with the merits of the dispute. The question of the authority of the arbitrator to issue an award after the sixty day period involves just such a procedural matter. McKesson's contention that the time limit is jurisdictional in nature and may not be submitted to the arbitrator is in error. Courts have uniformly held that limitations on the time in

---

[72] Docket 23 at 2.

[73] 969 F.2d 831 (9th Cir. 1992).

[74] *See id.* at 832.

[75] *Id.* at 833–34.

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 17 of 32

which an arbitrator may render an award are procedural not jurisdictional.[76]

The Court finds *McKesson* dispositive. The arbitrator's decision to issue an award after the thirty-day period "involve[d] . . . a procedural matter" that was submitted to the arbitrator along with the merits of the dispute.[77]

Neither of the cases cited by First Student compels a different conclusion as timeliness was not at issue in those cases. In *Western Canada S.S. Co. v. Cia. De Nav. San Leonardo*, the district court vacated an arbitration award rendered by two arbitrators because the agreement required three.[78] And in *Western Employers Insurance Co. v. Jefferies & Co.*, the Ninth Circuit vacated an arbitration award because the arbitration panel failed "to provide Western with findings of facts and conclusions of law" as required by the parties' agreement.[79]

In both cases, the disregarded provision was substantive—it went to the heart of the arbitrator's appointment or to her duty to provide support for her conclusions. While the time limit provision here was agreed to by the parties, the

---

[76] *Id.* at 834 (internal citations omitted).

[77] *Id.*

[78] 105 F. Supp. 452, 453 (S.D.N.Y. 1952) ("The arbitrators in the instance case . . . have exceeded their powers since any number less than the entire panel does not constitute the tribunal authorized to hear the allegations and proofs of the parties.").

[79] 958 F.2d 258, 262 (9th Cir. 1992).

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 18 of 32

Ninth Circuit has held such provisions are among those that the arbitrator could determine were "precatory and did not limit [her] authority."[80]

Accordingly, vacatur is not appropriate on this basis.

## II. The Arbitrator Did Not Exceed Her Powers in Applying Provisions of the National Agreement

First Student challenges the Arbitrator's "jurisdiction to interpret the National Agreement."[81]  Specifically, First Student contends that the "language in the National Agreement specifies that the arbitrator does not have authority to interpret any language in the National Agreement without the consent of First Student and the Union," and that any interpretation of the National Agreement must go through its "own dispute resolution procedure" from an "arbitrator selected in conformity with it."[82]  First Student adds that the meaning of the "make every effort" clause in Article 11 of the National Agreement falls "outside the defined issues the parties agree to submit to the grievance process."[83]  First Student maintains that it "did not agree to arbitrate language in the National Agreement."[84]

Teamsters responds that the parties intended the agreements "to apply concurrently" and credits the arbitrator's interpretation of the two dispute resolution

---

[80] *McKesson Corp.*, 969 F.2d at 834.

[81] Docket 4 at 9.

[82] *Id.*

[83] *Id.* at 10.

[84] *Id.*

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 19 of 32

Case 3:18-cv-00305-SLG   Document 46   Filed 09/26/19   Page 19 of 32

procedures and her conclusion that "should superior provisions in the [National Agreement] exist, they would apply over the lesser on the [Local Agreement]."[85] Teamsters also highlights the JNGRC's directive that "[t]he parties may rely on the language of both their local agreements as well as the National Agreement."[86]

Undisputedly, the subject of the arbitration was Mr. Kuklis's grievance concerning First Student's treatment of him after his removal from his bus route. Neither party contests the arbitrator's jurisdiction over that grievance.[87] It was the subject of the claim submitted to the JNGRC, the issue remanded for resolution by local dispute resolution procedures, and the focus of the arbitrator's decision and award.[88]

Accordingly, the question before the Court is whether Arbitrator Ford exceeded her powers in determining the scope of the submission before her. Specifically, did she err in applying the "make every effort" clause of Article 11 of the National Agreement in resolving Mr. Kuklis's grievance in light of express restrictions on her powers including: (1) the National Agreement's language that "the dispute resolution machinery contained in local riders, addenda or supplements do not have the authority to interpret the provisions of the National

---

[85] Docket 15 at 2, 4–5.

[86] *Id.* at 5.

[87] *See* Docket 10-9 at 3; *see also* Docket 1 at 5.

[88] *See* Docket 10-9 at 2–4.

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 20 of 32

Case 3:18-cv-00305-SLG   Document 46   Filed 09/26/19   Page 20 of 32

Master (Articles 1 through 49) without the consent of the Employer and the National Union Committee" and (2) the Local Agreement's language that "the authority of the arbitrator shall be limited to determining questions directly involving the interpretation or applications of the specific provisions of this Agreement, and no other matter shall be subject to arbitration there under [sic]."[89]

An "arbitrator's authority is limited . . . by the principle that where an arbitrator 'exceeds the boundary of the submission to [her], the award will be held invalid.'"[90] The Ninth Circuit first addressed the standard by which a "federal court should review an arbitrator's determination of [her] own authority as defined by the submitted issue" in *Pack Concrete, Inc. v. Cunningham.*[91] There, the Circuit held that "an arbitrator's interpretation of the scope of the issue submitted to [her] is entitled to the same deference accorded [her] interpretation of the [agreement]."[92]

Thus, the same nearly "unparalleled degree of deference" afforded to an arbitrator's decision extends to her interpretation of her authority and of the scope of the issue; both are entitled to "great deference."[93] Indeed, "doubts concerning

---

[89] Docket 10-6 at 6 and Docket 10-5 at 14.

[90] *Pack Concrete, Inc. v. Cunningham*, 866 F.2d 283, 285 (9th Cir. 1989) (quoting *La Mirada Trucking v. Teamsters Local Union 166*, 538 F.2d 286, 288 (9th Cir. 1976)).

[91] 866 F.2d 283 (9th Cir. 1989).

[92] *Id.* at 285.

[93] *See United States Life Ins. Co.*, 591 F.3d at 1178–79 ("The arbitrator's interpretation of the scope of the issue must be upheld so long as it is rationally derived from the parties' submission.").

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 21 of 32

the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."[94]

The "scope of the arbitrator's authority is determined by the contract requiring arbitration as well as by the parties' definition of the issues to be submitted in the submission agreement."[95] "An arbitrator does not exceed [her] authority if the decision is a 'plausible interpretation' of the arbitration contract."[96] The Court will not reverse Arbitrator Ford's findings on the basis that she "misread the contract" even if it were convinced that she "erred in interpreting it."[97]

The Court's review of Arbitrator Ford's decision and award confirms that she considered the language of the agreements and the intent of the parties in interpreting the scope of her authority. Where, as here, an arbitrator is required to interpret multiple, arguably conflicting provisions, courts ask only "*whether* the arbitrator interpreted the collective bargaining agreement, *not* whether [she] did so correctly."[98]

---

[94] *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 478–79 (9th Cir. 1991) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24–5 (1983)).

[95] *Schoenduve Corp. v. Lucent Techs., Inc.*, 442 F.3d 727, 732 (9th Cir. 2006) (citing *Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Indep. Truck Drivers Union, Local No. 1*, 611 F.2d 580, 583–84 (5th Cir. 1980)).

[96] *U.S. Life Ins. Co. v. Superior Nat. Ins. Co.*, 591 F.3d 1167, 1177 (9th Cir. 2010).

[97] *Sw. Reg'l Council of Carpenters*, 823 F.3d at 530 (quoting *Va. Mason Hosp. v. Wash. State Nurses Ass'n*, 511 F.3d 908, 913–14 (9th Cir. 2007)).

[98] *Hawaii Teamsters & Allied Workers Union, Local 996 v. UPS*, 241 F.3d 1177, 1178 (9th

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 22 of 32

The National and Local Agreements make up a single bargaining unit between the parties.[99] Although both agreements contain language limiting the arbitrator's role under the Local Agreement, Arbitrator Ford relied on her interpretation of the provisions of the agreements as a whole, along with the JNGRC's directive, to conclude that she "ha[d] authority to interpret either agreement, or both" and thus to apply the "make every effort" standard from the National Agreement in her decision and award.[100] She did not disregard the terms of the agreements but disagreed with First Student's interpretation of them.

For example, she relied on provisions of the Local and National Agreements to conclude that "the Local Agreement is supplemental to the National Agreement and explicitly defers to the National Agreement in this case since the National Agreement contains benefits superior to the Local Agreement."[101] She also relied on the National Agreement's establishment of the JNGRC and its ability to "consider and resolve disputes involving issues of national or regional significance" and its resolution by "national *or* local arbitrator."[102]

---

Cir. 2001) (emphases in original).

[99] *See* Docket 10-6 at 3 ("The printing of this National Agreement and the various local agreements, supplements and/or riders in separate agreements is for convenience only and is not intended to create separate bargaining units.").

[100] Docket 10-9 at 12–15.

[101] *Id.* at 11.

[102] *Id.* at 12 (emphasis in original).

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate
Arbitrator's Award
Page 23 of 32

The arbitrator's conclusion that these provisions permit her to apply the arguably more favorable "make every effort" standard of the National Agreement is not only plausible, it is reasonable. By their terms, the agreements are intended to function together, and each guarantees that employees should be awarded the "superior benefit" of either one.[103] The parties intended—as reflected in both agreements—that removal of a bus driver from a route and the employer's treatment of that employee thereafter be arbitrable under one or both agreements.[104] Indeed, the issue was submitted first to the JNGRC under the terms of the National Agreement and then referred by the JNGRC to local arbitration.[105] The JNGRC could have decided the matter itself, or could have referred it to arbitration outside of the local dispute resolution procedures.[106]

Furthermore, given that the grievance submitted to the JNGRC was framed as a failure to "provide work to Mr. Kuklis as described under Article 11 of the National [Agreement]" and given JNGRC's directive to consider "the language of both their local agreement as well as the National Agreement," it was reasonable for the arbitrator to conclude that she had authority to interpret and apply the

---

[103] *Id.* at 5.

[104] *Compare* 10-5 at 11 *with* 10-6 at 6.

[105] *See* Docket 10-9, at 3; *see also* Docket 1 at 5.

[106] *See* Docket 10-6 at 12.

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 24 of 32

National Agreement.[107]  Indeed, although First Student asserts that "[b]y specifying local dispute resolution procedures, the directive was that the Arbitrator's jurisdiction was limited to the terms of the CBA and not to interpret undefined terms in the National Agreement," such a conclusion is directly at odds with the JNGRC's directive and the plain language of Teamsters' grievance.[108]

Because the Court finds that Arbitrator Ford's interpretation of the scope of the issue for arbitration was plausible and was based on the language of the agreements and the directive of the parties, it concludes that she did not exceed her powers.  The Court will defer to Arbitrator Ford's interpretation of the scope of the issue for arbitration.

None of the three cases relied on by First Student for its jurisdictional argument compels a different finding.

In *Roadmaster Corp. v. Laborers, Local 504*, the Seventh Circuit vacated an arbitrator's award where he ignored the terms of the contract and based his decision on statutory law.[109]  In *Avis Rent A Car System v. Garage Employees*

---

[107] Docket 10-9 at 2–3.

[108] The parties may have consented to the arbitrator's interpretation of the National Agreement through the directives of their representatives on the JNGRC.  First Student now disputes that consent was given.  *See* Docket 4 at 9; *see also* Docket 23 at 3 n.6.  The record before the Court is insufficient to draw a conclusion.

[109] 851 F.2d 886, 889 (7th Cir. 1988) ("When a contract . . . specifically limits an arbitrator's subject matter jurisdiction, the arbitrator should restrict his consideration to the contract, even if such a decision conflicts with federal statutory law.").

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 25 of 32

*Union*, the Second Circuit reversed the district court's enforcement of an arbitration award as the arbitrator "had no authority to interpret that agreement, because his appointment did not conform to it."[110]  In both cases, the arbitrator clearly exceeded his authority: in *Roadmaster*, the arbitrator applied law that conflicted with the contract; in *Avis*, he relied on his jurisdiction under one agreement to apply an unrelated agreement under which he was not appointed.  Arbitrator Ford did neither.

First Student's third case, *Laborers' International Union v. W.W. Bennett Constr. Co.*, is inapposite.  There, the Seventh Circuit affirmed a district court's ruling that an employer was bound to arbitrate an issue with a union per their collective bargaining agreement even though other parties involved in the dispute (including a subcontractor) were non-signatories and were not bound to arbitrate.[111]  Here, both parties to the agreement participated in the arbitration.

## III.  The Arbitrator's Decision on the Merits is Entitled to Deference

The remainder of First Student's arguments in favor of vacatur challenge Arbitrator Ford's conclusions on the merits.[112]  "Review of the merits of an arbitration award is extremely limited," and absent evidence that her decision is "completely irrational" or a "manifest disregard of law," the Court will not disturb

---

[110] 791 F.2d 22, 25 (2d Cir. 1986).

[111] 686 F.2d 1267, 1270 (7th Cir. 1982).

[112] *See* Docket 4 at 11–19.

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 26 of 32

her findings on either.[113]  Even erroneous findings of fact are not sufficient bases to vacate an award.[114]

First Student challenges the merits of the arbitrator's award on three bases: (1) her award conflicts with the governing Local Agreement; (2) the arbitrator misinterpreted the National Agreement; and (3) the arbitrator exceeded her authority in issuing the award.  For the reasons below, the Court finds that First Student fails to provide a reason to vacate the arbitration award.

### A.  The Arbitrator Was Within Her Powers in Applying the National Agreement

First Student first asserts that "by misapplying the National Agreement instead of the [Local Agreement], the Arbitrator . . . created a manifest error of law."[115]  Specifically, it alleges that the arbitrator's conclusion that First Student "fail[ed] to make every effort to locate and place the grievant with substantially equivalent work" is inconsistent with the Local Agreement's mandate that the employees "may be utilized" for available work for which the employee is qualified.[116]  First Student contends that the word "may" gives it the option to decline to use Mr. Kuklis for work without violating the Local Agreement.[117]  It cites

---

[113] *Schoenduve Corp.*, 442 F.3d at 735.

[114] *See Sw. Reg'l Council of Carpenters*, 823 F.3d at 530.

[115] Docket 4 at 11.

[116] *Id.*

[117] *See id.* at 12.

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 27 of 32

case law for the proposition that the "Arbitrator must defer to the employer's management right to operate its business."[118]  Additionally, it points to evidence purportedly showing there was no work available for Mr. Kuklis.[119]  First Student also relies on the Local Agreement's provisions on bidding and seniority to challenge the arbitrator's conclusion that its actions violated the Local Agreement and disputes the sufficiency of the evidence provided by Teamsters on either.[120]  Based on the above, First Student concludes that "[h]ad the Arbitrator applied the foregoing plain language of the [Local Agreement] and applied it to the evidence, she would have concluded that First Student had done nothing wrong."[121]

Each of these assertions is a corollary of First Student's position that Arbitrator Ford was restricted to applying provisions of the Local Agreement in evaluating Mr. Kuklis's grievance, i.e., since the Local Agreement necessarily governs, the arbitrator's award arising from application of the National Agreement is irrational.  For the reasons stated above, the Court finds that Arbitrator Ford did not exceed her powers in applying the National Agreement; therefore, First Student's assertion that the award is irrational under the Local Agreement fails to provide grounds for vacatur.

---

[118] *Id.* at 13.

[119] *Id.* at 12.

[120] *Id.*

[121] Docket 4 at 13.

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 28 of 32

**B.    The Arbitrator's Interpretation of the National Agreement and Her Findings of Fact Were Plausible and Reasonable**

First Student's second argument is in the alternative: even assuming the National Agreement governs, it claims the arbitrator "misapplied [it] to the facts here."[122]  Specifically, First Student alleges that the National Agreement "does not impose a greater obligation on First Student" than the Local Agreement and that Teamsters "failed to provide any evidence to support that position."[123]

First Student asserts that the National Agreement only requires the employer to "make every effort" in "specific circumstances," i.e., where there is "substantially equivalent work," where the driver is "qualified for work with in [sic] the bargaining unit or at another location," and where the work is in a "mutually agreeable location."[124]  First Student asserts that Teamsters failed to provide evidence that "any of these elements existed in this case." [125]  Additionally, First Student points to provisions of the National Agreement governing management's "authority to determine the qualifications of employees" and management's "full and exclusive control of assignments and the right to transfer employees" as evidence that these decisions are within First Student's exclusive control.[126]

---

[122] *Id.* at 14.

[123] *Id.*

[124] *Id.* at 14–15; *see also id.* at 16–18.

[125] *Id.* at 15.

[126] *Id.* at 16–17.

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 29 of 32

Based on the foregoing, First Student contends that the arbitrator's conclusion that First Student violated the National Agreement was "not a plausible interpretation of the agreement or a reasoned decision based on the evidence."[127]

First Student's challenge to the merits of the arbitrator's decision and award under the National Agreement does not provide a basis for vacatur. First Student failed to show that Arbitrator Ford's decision was completely irrational or in manifest disregard of the law. The Court finds that Arbitrator Ford grounded her interpretation of the parties' agreements in their text and made her findings of fact based on evidence presented at the arbitration.[128] Accordingly, the Court will not vacate her award on this basis.

### C. The Arbitrator's Award Was Grounded in Her Interpretation of the Agreement and Her Findings of Fact

First Student's final challenge is to the Arbitrator's award of relief. First Student contends that the relief granted in the form of wages that Mr. Kuklis would have earned in a position available to him (if qualified) in Alaska or the lower 48 in the time between his removal and his termination "is not the relief that is allowed under the parties' agreement."[129]

According to First Student, because Mr. Kuklis was a "removed employee"

---

[127] *Id.* at 15.

[128] *See* Docket 10-9 at 12–14.

[129] Docket 4 at 19.

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 30 of 32

he was only entitled to "extra non-regular work" and Teamsters failed to show that any such work was available.[130]  Additionally, First Student claims there was no basis to award Mr. Kuklis wage rates other than those in the Local Agreement or to award him wages for work that "may have existed outside the local geographic area" covered by the Local Agreement as there was no evidence such work existed.[131]  Lastly, First Student asserts that the Local Agreement bars the arbitrator from making an award inconsistent with the agreement, but that the arbitrator did so as there was no evidence that management "has a practice of finding, creating work or taking work from other employees for anyone that has been removed from the district."[132]

The Court notes that the arbitrator's award did not specify the wage rate, and therefore First Student's objection on that basis is unfounded.  Similarly, First Student's objection that the arbitrator's award is inconsistent with the Local Agreement because Teamsters failed to prove there was a practice of finding work for a removed employee is without merit; an absence of evidence of a practice is not evidence that it conflicts with the agreement.  More importantly, however, the Court finds that the arbitrator's award of relief arose from her reasonable interpretation of the National and Local agreements and her application thereof to

---

[130] *Id.*

[131] *Id.*

[132] *Id.* at 19–20.

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 31 of 32

Case 3:18-cv-00305-SLG   Document 46   Filed 09/26/19   Page 31 of 32

the facts as presented during the arbitration. Accordingly, the Court will not second guess Arbitrator Ford's proposed relief and declines to vacate her decision and award on this basis.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that First Student's Motion to Vacate Arbitration Award at Docket 3 is DENIED, and Teamsters' Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award at Docket 14 is GRANTED; the arbitrator's award is CONFIRMED. First Student is ordered to calculate the wages owed Mr. Kuklis in accordance with the arbitrator's award and submit its conclusions to Teamsters within 30 days of this Order.

The Clerk of Court is directed to enter a final judgment accordingly.

DATED this 26th day of September, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion to Vacate Arbitration Award and Cross-Motion to Dismiss Petition to Vacate Arbitrator's Award
Page 32 of 32

Case 3:18-cv-00305-SLG   Document 46   Filed 09/26/19   Page 32 of 32