# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

FIRST STUDENT, INC.,

    Petitioner,

v.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 959,

    Respondent.

Case No. 3:18-cv-00305-SLG

## ORDER RE MOTION FOR RECONSIDERATION OR IN THE ALTERNATIVE FOR CLARIFICATION OF THE COURT'S SEPTEMBER 26, 2019 ORDER

Before the Court is Petitioner First Student, Inc.'s ("First Student") Motion for Reconsideration or in the Alternative, for Clarification of the Court's September 26, 2019 Order at Docket 48. The Court did not request a response from Respondent.[1]

## BACKGROUND

On September 26, 2019, this Court denied First Student's Motion to Vacate the Arbitration Award and confirmed the award.[2] First Student now asks this Court to reconsider its decision or, in the alternative, to provide clarification. First Student contends that the Court "overlooked and/or omitted consideration of one of First

---

[1] *See* Local Civil Rule 7.3(h).

[2] Docket 46.

Student's arguments for relief."[3] Specifically, First Student asserts that the Court did not consider its argument that "the Arbitration Award should be vacated because Arbitrator Ford granted relief beyond her authority when she ordered that Mr. Kuklis was entitled to any position available at any of First Student's worksites (irrespective of location or whether the worksite is represented by the Teamsters.)"[4] According to First Student, "Arbitrator Ford's interpretation of the phrase 'in the geographic area of the Local Union' in Article 11 of the National Agreement to include the entire state of Alaska and 'the lower 48' as well as non-unionized worksites was a manifest error of law and irrational."[5]

## LEGAL STANDARD

Under this Court's local rules, it will ordinarily deny a motion for reconsideration absent a showing of "(A) manifest error of the law or fact; (B) discovery of new material facts not previously available; or (C) intervening change in law."[6] Reconsideration is "an extraordinary remedy, to be used sparingly and in the interests of finality and conservation of judicial resources."[7]

## DISCUSSION

---

[3] Docket 48 at 2.

[4] *Id.*

[5] *Id.* (quoting the National Agreement).

[6] Local Civil Rule 7.3(h)(1).

[7] *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quotations omitted).

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion for Reconsideration or in the Alternative, for Clarification
Page 2 of 5

An arbitrator's "interpretation of a contract must be sustained if it is 'plausible.'"[8]  A court can vacate an arbitrator's award where the decision is "completely irrational" but "[t]his 'standard is extremely narrow and is satisfied only 'where [the arbitration decision] fails to draw its essence from the agreement.'"[9] An "arbitration award 'draws its essence from the agreement' if the award is derived from the agreement, viewed 'in light of the agreement's language and context, as well as other indication of the parties' intentions.'"[10]

First Student challenged Arbitrator Ford's interpretation of the geographic location provision of the agreement in its reply in support of its Motion to Vacate the Arbitration Award.[11]  In its September 26, 2019 order, the Court addressed First Student's contention that Arbitrator Ford exceeded her authority in granting her award:

> First Student's final challenge is to the Arbitrator's award of relief.  First Student contends that the relief granted in the form of wages that Mr. Kuklis would have earned in the position available to him (if qualified) in Alaska or the lower 48 in the time between his removal and his termination 'is not the relief that is allowed under the parties' agreement.'[12]

---

[8] *Emp'rs Ins. of Wausau v. Nat'l Union Fire Ins. Co.*, 933 F.2d 1481, 1486 (9th Cir. 1991) (quoting *Workers Int'l Ass'n v. Ariz. Mech. & Stainless, Inc.*, 863 F.2d 647, 653 (9th Cir. 1989)).

[9] *Bosack v. Soward*, 586 F.3d 1096, 1106 (9th Cir. 2009) (alterations in original) (quoting *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1284 (9th Cir. 2009)).

[10] *Aspic Eng'g & Constr. Co. v. ECC Centcom Constructors LLC*, 913 F.3d 1162, 1166 (9th Cir. 2019) (quoting *Bosack*, 586 F.3d at 1106).

[11] *See* Docket 24 at 6.

[12] Docket 46 at 30 (quoting Docket 4 at 19).

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion for Reconsideration or in the Alternative, for Clarification
Page 3 of 5

Because the Court found "that the arbitrator's award of relief arose from her reasonable interpretation of the National and Local agreements and her application thereof to the facts as presented during the arbitration," it declined to vacate the decision or award.[13] Thus, the Court did not overlook First Student's argument, and declines to reconsider its September 26, 2019 order.

Nevertheless, for the sake of clarity, the Court will expand on its conclusion as it relates to the geographic location provision of Article 11. Article 11 of the National Agreement provides:

> The Company will make every effort to place the employee in substantially equivalent work within the bargaining unit serviced by this Local Union or at another of the company's locations for which the driver is qualified, either of which should be in the geographic area of the Local Union or in another mutually agreeable location.[14]

In her decision and award, Arbitrator Ford interpreted the portion of Article 11 governing geographic location.[15] She concluded that the "employer must look at the particular area covered by the Local Agreement" but "must also look to 'another of the company's locations . . . in the geographic area of the Local.'"[16] She reasoned that "Local 959 services all of Alaska" and added that because "the

---

[13] *Id.* at 31–32.

[14] Docket 10-6 at 6.

[15] Docket 10-9 at 13 ("The geographic extent of the Employer's obligation to explore is set out in the section.").

[16] *Id.* at 13 (quoting the National Agreement).

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion for Reconsideration or in the Alternative, for Clarification
Page 4 of 5

scope could include another 'mutually agreeable location' . . . the position offered could be outside of Alaska."[17] She reasoned that the mutual agreement clause "should not be read to limit the Employer's obligation to locate such positions."[18] Based on her interpretation of the language of the geographic location clause of Article 11 of the National Agreement, Arbitrator Ford concluded that the Employer should "examine all of the positions in Alaska and the lower 48 available during the period between Mr. Kuklis's removal and his discharge."[19]

The Court finds that the arbitrator's award draws its essence from the agreement as it is firmly rooted in the agreement's language; as such, it is not "completely irrational."

## CONCLUSION

In light of the foregoing, First Student's Motion for Reconsideration of the Court's September 26, 2019 Order at Docket 48 is DENIED.

DATED this 8th day of October, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[17] *Id.*

[18] *Id.*

[19] *Id.* at 15.

Case No. 3:18-cv-00305-SLG, *First Student, Inc. v. Teamsters, Local 959*
Order re Motion for Reconsideration or in the Alternative, for Clarification
Page 5 of 5