# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| FIRST STUDENT, INC.,<br><br>    Petitioner,<br><br>  v.<br><br>GENERAL TEAMSTERS LOCAL 959, STATE OF ALASKA,<br><br>    Respondent. | Case No. 3:18-cv-00305-SLG |

## ORDER REGARDING MOTION FOR ATTORNEY FEES

Before the Court at Docket 50 is respondent Teamsters Local 959's Motion for Attorney Fees. Teamsters Local 959 requests $8,625 in attorney fees. Petitioner First Student, Inc. responded in opposition at Docket 54. Also before the Court, at Docket 52, is Teamsters Local 959's Motion to Accept Late Filed Motion for Attorney Fees and Attendant Documents. First Student responded in opposition at Docket 55.

### I. Late filed motion

Having reviewed the declaration of counsel at Docket 53, the Court will allow the late-filed Motion for Attorney Fees. Accordingly, the motion at Docket 52 will be granted.

//

//

//

//

## II. Merits of the Motion for Attorney Fees

In December of 2018, First Student petitioned to vacate an arbitration award issued in favor of Teamsters Local 959.[1] First Student brought its case pursuant to the Labor Management Relations Act (29 U.S.C. § 185(a)) and the Federal Arbitration Act (9 U.S.C. § 10).[2] On September 30, 2019, the Court entered judgment in favor of Teamsters Local 959.[3]

Teamsters Local 959 asserts that Alaska Rule of Civil Procedure 82 governs the calculation of recoverable attorney fees in this case.[4] However, because this case was before the Court based on federal question jurisdiction, not diversity jurisdiction, the Alaska Rules of Civil Procedure do not apply.[5] Neither Section 10 of the Labor Management Relations Act nor Section 103 of the Federal Arbitration Act contain an express authority to award attorney fees.[6]

First Student asserts that the contract between the parties bars granting attorney fees to Teamsters Local 959 because of a clause in the contract that

---

[1] Docket 1.

[2] Docket 1 at 1.

[3] Docket 47.

[4] Docket 50.

[5] *See Disability Law Center of Alaska, Inc. v. Anchorage School Dist.*, 581 F.3d 936, 940–41 (9th Cir. 2009) ("In a pure federal question case brought in federal court, federal law governs attorney fees.").

[6] *See Metzler Contracting Co. LLC v. Stephens*, 774 F. Supp. 2d 1073, 1088–89 (D. Haw. 2011) ("Attorneys' fees are not available under the Federal Arbitration Act.").

states "each party shall bear the expense of preparing its own case."[7] That clause, however, directly precedes a clause discussing the cost of the arbitrator and other arbitration-relation costs. It thus appears that the contract language regarding expenses applies only to the arbitration itself and not to a civil suit brought to vacate the decision of the arbitrator.[8] Nonetheless, there does not appear to be any language in the parties' agreement that contemplates an order requiring the payment of attorney fees to the prevailing party in a civil suit. Without any contractual language to the contrary, the American Rule presumes that each party should bear the cost of its own attorney's fees.[9]

In light of the foregoing, the motion at Docket 52 is granted. The motion at Docket 50 is denied.

DATED this 27th day of November, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[7] Docket 54 at 3 (citing Docket 1-1 at 14).

[8] *See* Docket 1-1 at 14 (applicable section of the agreement between the parties, which discusses the selection of an arbitrator, the date, time, and location of arbitration, the finality of the arbitrator's decision, and the authority of the arbitrator).

[9] *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240 (1975).